IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE ANDERSON, | ) | CASE NO. 1:11 CV 2105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Lonnie Anderson, for supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Anderson had severe impairments consisting of borderline intellectual functioning, gastroesophageal reflux disease (GERD), and status post left hip fracture.[1] The ALJ determined that the impairments did not meet or medically equal one of the impairments listed in Appendix 1 of the regulations.[2] The ALJ made the following finding regarding Anderson's residual functional capacity ("RFC"):

---

[1] Transcript ("Tr.") at 13.

[2] *Id.* at 14.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine tasks with simple, short instructions and simple work related decisions with few work place changes; no production rate pace; no requirement to instructions or write reports; and no math calculations.[3]

The ALJ found Anderson had no past relevant work.[4]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing, which question incorporated the RFC quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Anderson could perform. The ALJ, therefore, found Anderson not under a disability.[5]

Anderson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Anderson argues that substantial evidence does not support the finding that he did not meet Listing § 12.05C. Further, Anderson maintains that the ALJ failed to properly evaluate the opinion of Dr. Voyten, the state agency reviewing psychologist.

The Court concludes that the ALJ's finding that Anderson did not meet the requirements of Listing § 12.05C must be affirmed. The ALJ's RFC finding must be reversed, and the case remanded, for reconsideration of that finding with appropriate analysis of and articulation regarding the opinion of Dr. Voyten.

---

[3] *Id.* at 15.

[4] *Id.* at 17.

[5] *Id.* at 18.

**Analysis**

This case seeks judicial review of the final decision of the Commissioner denying Anderson's application for supplemental security income.

At the time of the hearing before the ALJ, Anderson was a 23-year old with primarily mental impairments. He had progressed into the twelfth grade but did not finish high school because of attendance problems. He attended special education classes for the learning disabled. The issues in this case center on the severity of Anderson's mental impairments and the limitations caused thereby.

At step three, Anderson challenges the finding that he does not meet or equal the listing in § 12.05C. To meet this listing, Anderson's impairments must satisfy the diagnostic description for mental retardation set out in § 12.05.[6] Additionally, under § 12.05C, Anderson must have had a valid, verbal, performance, or full-scale IQ of 60 through 70,[7] and a physical or other mental impairment imposing additional and significant work-related limitations of function.[8]

Working backwards, counsel agreed that Anderson had a physical or other mental impairment imposing additional and significant work-related limitations of function. They also agreed that the record contains two IQ scores in which Anderson had an IQ of 70, one

---

[6] *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001); *French v. Astrue*, No. 1:10 CV 541, 2011 WL 2848142, at *3 (N.D. Ohio July 19, 2011).

[7] *Id.*

[8] *Id.*

in 1995[9] and another in 2005.[10] Because of observations made by the psychologist administering the 2005 test that the scores underestimate Anderson's IQ,[11] the Commissioner does not concede the validity of the 2005 score.[12] Furthermore, Anderson had IQ scores in 1999 of 71 and above.[13]

Dispositive, however, are the opinions of the three psychologists who examined or reviewed Anderson that he suffered from borderline intellectual functioning, not mental retardation.[14] The opinions constitute substantial evidence in support of a finding that Anderson's impairments did not satisfy the diagnostic description of mental retardation under Listing § 12.05, a necessary requirement for meeting the listing is § 12.05C.[15]

Anderson's step four argument is more troubling. The RFC finding limits Anderson to "simple, routine tasks with simple, short instructions and simple work-related decisions with few workplace changes; no production rate pay; no requirement to instructions or write reports; and no math calculations."[16] The ALJ incorporated these limitations into a

---

[9] Tr. at 23 (performance and full-scale).

[10] *Id.* at 153 (full-scale).

[11] *Id.*

[12] *Id.* at 153.

[13] *Id.* at 23.

[14] *Id.* at 155 (Herschel Pickholtz, Ed.D.), 192 (Deborah A. Koricke, Ph.D.), and 203 (Karla Voyten, Ph.D.).

[15] *Foster*, 279 F.3d 348 at 354-55; *French*, 2011 WL 2848142, at *3-4.

[16] Tr. at 15.

hypothetical posed to the vocational expert.[17] In response to the hypothetical, the VE identified a significant number of jobs that Anderson could perform.[18]

Anderson's attorney presented the VE with a hypothetical with the additional limitation "that the individual would need a supervisor or co-worker present to explain tasks and give directions and occasionally to redirect ...."[19] In response to the hypothetical with additional limitations, the VE testified that the jobs previously identified would not exist for Anderson and that he would have difficulty maintaining those types of jobs competitively.[20]

Anderson's attorney took this additional limitation directly from the residual functional capacity opinion of Karla Voyten, Ph.D., the state agency reviewing physician.[21] The ALJ's decision does not mention Dr. Voyten's opinion and, therefore, did not comment on its weight. The ALJ did, however, identify the opinions of Dr. Pickholtz and Dr. Koricke and gave those opinions "considerable weight."[22]

The Commissioner acknowledges the ALJ's failure to acknowledge Dr. Voyten's opinion and to articulate with respect to it. Counsel for the Commissioner argues vigorously in the briefs and at the hearing that viewing the record as a whole, substantial evidence

---

[17] *Id.* at 47-48.

[18] *Id.* at 48.

[19] *Id.* at 50.

[20] *Id.*

[21] *Id.* at 197.

[22] *Id.* at 17.

supports the RFC finding and the VE's opinion in response to the hypothetical that incorporated the limitations in that finding.

A state agency reviewing psychologist, such as Dr. Voyten, is a non-examining source who has not examined a claimant but provides a medical or other opinion based upon a review of the claimant's medical records.[23] State agency psychological consultants are highly qualified psychologists who are experts in the evaluation of medical issues and disability claims; they consider the medical evidence and render opinions regarding the claimant's residual functional capacity.[24] Where the record contains no opinion of a treating source, as here,[25] the ALJ must explain in the decision the weight given to the opinion of a state agency reviewing psychologist.[26] This ALJ failed to do so.

The opinion of a non-examining source may receive greater weight than that of an examining source if the non-examining source bases his report on the review of the "complete case record," the examining source's opinion rests on a single personal observation of the claimant, and the non-examining source's opinion clearly states the reasons it differs from that of the examining source.[27] Here, Drs. Pickholtz and Koricke based

---

[23] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010), citing 20 C.F.R. § 404.1502 and *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).

[24] SSR 96-6p, 61 Fed. Reg. 34466, 34467 (July 2, 1966).

[25] Tr. at 17.

[26] 20 C.F.R. § 404.1527(f)(2)(ii).

[27] *Fitzgerald v. Comm'r of Soc. Sec.*, No. 1:09cv1703, 2010 WL 2572877, at *2-3 (N.D. Ohio June 23, 2010).

their opinions on a single evaluation, whereas Dr. Voyten reviewed the complete case file, including the reports of the examining psychologists.

The Commissioner's argument constitutes post hoc rationalization. The approach suggested by the Commissioner might be appropriate in the event that counsel for Anderson had not directly posed a hypothetical incorporating Dr. Voyten's limitation. Having done so, and the VE having replied that the additional limitation would eliminate the jobs previously identified, the ALJ should have inquired further of the VE or, alternatively, discussed Dr. Voyten's opinion, weighed it, and articulated why the limitations contained therein should not be incorporated in the RFC.

This case must be remanded for reconsideration of the RFC finding with proper attention given to Dr. Voyten's opinion.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed in part and reversed in part. The Commissioner's finding that Anderson did not meet the listing in § 12.05C of Appendix 1 to the regulations is affirmed. The RFC finding is reversed for want of substantial evidence in light of the error with respect to Dr. Voyten's opinion as to Anderson's limitations. The case is remanded for reconsideration of the RFC finding and, if appropriate, reconsideration of the finding at step five of the sequential evaluation process.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[28] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.

Dated: January 28, 2013                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

---

[28] 28 U.S.C. § 2412(d)(1)(A).